# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ALLEN K. SCRIBNER,<br><br>　　　　Respondent. | 1:06-cv-00626-OWW-TAG HC<br><br>ORDER DENYING MOTIONS FOR<br>EVIDENTIARY HEARING<br>(Docs. 16 and 17) |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 8, 2008, Respondent filed a motion to dismiss the petition on the grounds that Petitioner cannot satisfy the "in custody" requirement for filing a federal petition. (Doc. 31).

　　　　Previously, on December 4, 2007, Petitioner filed a motion for an evidentiary hearing. (Doc. 16). On December 7, 2007, Petitioner filed an almost identical motion for evidentiary hearing. (Doc. 17). As grounds therefore, Petitioner contends that he is entitled to an evidentiary hearing because the state court has "failed to acknowledge" Petitioner's evidence that he did not receive a fair trial. On December 20, 2007, Respondent filed an opposition to Petitioner's motions, contending that the motions were premature and that they should be denied without prejudice. (Doc. 18). The Court agrees with Respondent.

　　　　Rule 8(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C § 2254 provides that where a petition is not dismissed, the judge must review the answer, any transcripts and

records of the state court proceedings, and any materials submitted under Rule 7, and determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute, and is not necessary in all cases. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1103 (9th Cir.1992). The purpose of an evidentiary hearing is to try issues of fact. <u>Townsend v. Swain</u> 372 U.S. 293, 309, 312-313, 83 S. Ct. 745 (1963), <u>overruled in part by</u> <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715 (1992)). Consequently, an evidentiary hearing is unnecessary when only issues of law are raised. <u>Id.</u>

In this case, Petitioner challenges a 2004 conviction in the Superior Court for the County of Kings for indecent exposure, a crime apparently committed while Petitioner was incarcerated in state prison on an unrelated offense. (Doc. 1; Doc. 34). As mentioned, on July 8, 2008, Respondent filed a motion to dismiss the petition. Because this motion was filed so recently, the Court has not had an opportunity to review the motion or prepare an order disposing of the motion. If the motion has merit and requires the dismissal of the petition, no evidentiary hearing would be required. If the motion to dismiss is denied, Respondent would be ordered to file an answer to the petition, and the Court would then have to review the answer and prepare findings and recommendations regarding the merits of the petition.

However, at this time, the Court has not yet conducted a review of the merits of the petition and thus, a determination of whether or not there exists a factual dispute of the type that warrants an evidentiary hearing cannot be made at this time. Indeed, even Petitioner does not actually allege that factual issues exist; rather, he maintains that the state court has "failed to acknowledge" his evidence. While Petitioner's allegation is not entirely clear to the Court, it appears that he believes evidence in the state court record will show he has valid claims on the merits.

If and when the Court orders Respondent to file an answer, Respondent will also be ordered to provide all pertinent parts of the state court record related to Petitioner's claims. Once

1 that record is lodged with the Court, the Court will be in a position to determine whether factual
2 issues exist that would require an evidentiary hearing. Petitioner can be assured that the Court
3 will sua sponte issue an order for an evidentiary hearing should it find one necessary.
4       Accordingly, Petitioner's motions for an evidentiary hearing (Docs. 16 & 17), are
5 DENIED.

7 IT IS SO ORDERED.
8 Dated:  **July 23, 2008**                                                  **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE