1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND ALFORD BRADFORD, | ) | 1:06-cv-00626-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S DISMISS |
| v. | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | (Doc. 31) |
| ALLEN K. SCRIBNER, Warden, et al., | ) | |
| | ) | ORDER DIRECTING OBJECTIONS BE FILED |
| Respondents. | ) | WITHIN TWENTY DAYS |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition on May 12, 2006, challenging his conviction for three counts of misdemeanor indecent exposure (Cal. Pen. Code 314(1)), and his resulting sentence of 365 days in county jail, to be served concurrent with his ongoing state prison sentence for an earlier felony conviction. (Doc. 1). On July 8, 2008, Respondent filed the instant motion to dismiss the petition, contending that, at the time the petition was filed, Petitioner had already completed his 365-day sentence on the convictions challenged in the petition, and therefore he could not satisfy the "in custody" requirement for petitions filed under § 2254. (Doc. 31). On July 14, 2008, Petitioner filed his reply to the motion to dismiss, contending that because he has been incarcerated since 1991 on the earlier felony conviction and remains incarcerated, that he satisfies the "in custody" requirement. (Doc. 34).

///

1

## DISCUSSION

A. <u>Factual Context Of Petitioner's Case</u>

On March 12, 2004, after being convicted in the Kings County Superior Court of three counts of indecent exposure, Petitioner, an inmate of the California Department of Corrections and Rehabilitation ("CDCR") at the time the offenses were committed, was sentenced to a term of 365 days in county jail, to be served concurrent with his ongoing felony prison term which Petitioner had been serving since 1991.  (Doc. 32, Lodged Document ("LD") 1, p. 10; Doc. 34).[1] The minute order of the sentencing court does not reflect that Petitioner was awarded any pre-sentence credits.  (LD 1, p. 10).  Thus, although Respondent has not provided any documentation from the CDCR to establish precisely when Petitioner completed the 365 day sentence, under the most charitable circumstances, Petitioner's sentence would have commenced the day after sentencing, March 13, 2004, and would have expired 365 days later, on March 12, 2005.  The instant petition was filed over a year after that date, on May 12, 2006.

B. <u>Petitioner Does Not Satisfy "In Custody" Requirement For Federal Habeas Relief</u>

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a  district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).  This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed."  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-491, 109 S.Ct. 1923 (1989)(per curiam); <u>Resendiz v. Kovensky</u>, 416 F.3d 952, 955 (9th Cir. 2005).

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  <u>Maleng</u>, 490 U.S. at 492;

---

[1]Petitioner was sentenced to three terms of 365 days each, all to run concurrently with each other and concurrently with his prior felony sentence.  (LD 1, p. 10).

Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir. 1990).  The Supreme Court has not taken a literal view of the "in custody" requirement, observing that "besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."  Jones v. Cunningham, 371 U.S. 236, 240, 83 S.Ct. 373 (1963) (holding that persons released from incarceration on parole are "in custody" under 28 U.S.C. § 2241); see also, Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1989).  Thus, if the petition were filed while petitioner was "in custody," his subsequent release would not necessarily deprive a federal court of subject matter jurisdiction nor would it render the petition moot.  Carafas v. LaValle, 391 U.S. 234, 238, 88 S. Ct. 1556 (1968).[2]

However, where a petitioner completes his sentence before the habeas petition is filed, the issue becomes one of whether the conviction and sentence has merely collateral consequences–themselves insufficient to establish the "in custody" requirement–or whether the conviction and sentence impose a "restraint on liberty."  Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).  Thus, for example, a sentence of fourteen hours of attendance at an alcohol rehabilitation program renders someone "in custody."  Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993).  Similarly, a convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court.  Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571 (1973).  Also, a parolee is "in custody" because, "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom."  Jones, 371 U.S. at 243.  See Barry v. Bergen County Probation Department, 128 F.3d 152, 161 (3d Cir. 1997)(sentence of 500 hours community service placed petitioner "in custody").  However, fines or restitution are simply "collateral consequences" and are

---

[2]Where a petition is filed while the petitioner is "in custody," but he is subsequently released, there is an irrebuttable presumption that collateral consequences arise from the prior criminal conviction. Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994), superceded on other grounds by 28 U.S.C. § 2253(c).

insufficient to render someone "in custody." <u>Williamson</u>, 151 F.3d at 1183.

Here, there can be no question that Petitioner had completed his 365-day sentence well before the instant petition was filed and thus Petitioner cannot meet the "in custody" requirement. This is so despite Petitioner's contention that he has been in custody since 1991. Indeed, it seems incontrovertible that Petitioner has been in the CDCR's physical custody during that period of time; however, for all but 365 days of that period he was "in custody" of the CDCR on an unrelated conviction that is not the subject of the instant habeas petition. The only relevant time period for purposes of satisfying § 2254 is the time period Petitioner was "in custody" on the offense which the petition is challenging.

In the Court's view, the only constraint on Petitioner's liberty that could conceivably satisfy the "in custody" requirement is the fact that someone, such as Petitioner, convicted in California of indecent exposure is required to register as a sex offender. However, in <u>Williamson v. Gregoire</u>, 151 F.3d at 1183-1184, the Ninth Circuit, after carefully analyzing the case law regarding the "in custody" requirement, held that a similar registration requirement in a Washington sex offender law did not sufficiently restrain the petitioner's liberty to satisfy the "in custody" requirement:

> The sex offender registration and notification provisions apply to Williamson whether he stays in the same place or whether he moves. Indeed, even if Williamson never leaves his house, he must still verify his address with the sheriff every year. [Citation.] The Washington sex offender law does not require Williamson even to personally appear at a sheriff's office to register; registration can be accomplished by mail. Thus, the law neither targets Williamson's movement in order to impose special requirements, nor does it demand his physical presence at any time or place. Furthermore, the law does not specify any place in Washington or anywhere else where Williamson may not go.

<u>Id.</u>

In this case, at sentencing, Petitioner was advised that he must register as a sex offender pursuant to California Penal Code § 290. (Doc. 32, LD 1, p. 10). Section 290 requires, generally, that registrants notify authorities within five days of moving into a county or jurisdiction, or within five days of changing addresses within a county or jurisdiction, as well as annually within five days of his or her birthday. Cal. Pen. Code § 290(a)(1)(A), (D). The statute

4

imposes no limitation on the registrant's movements and does not specify places where the registrant must live or where he or she cannot live.[3]  Although the statute does not expressly provide for registration by mail, it also does not expressly exclude it.  The law contains no other provisions that impact a registrant's movements or location.

In Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999), the Ninth Circuit considered whether California's sex offender registration law, when compared to Washington's registration law, was sufficiently similar to require the same result as in Williamson, and found that it was:

> The laws are very similar in their essentials, each requiring a convicted sex offender to provide address and other background information, fingerprints, and a photograph to the local law enforcement authority.  California law is more restrictive in requiring annual registration; Washington requires a one-time registration upon release from custody, coupled with an annual address verification procedure.  Both states require an individual to reregister upon change of address. [Petitioner] claims the California law requires in-person registration, although that is not spelled out in the statute.
>
> The minimal differences between the two statutes do not justify a different result for [Petitioner].  Registration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner "in custody" for the purposes of federal habeas corpus relief. [Citation.] Instead, the registration requirement is merely a collateral consequence of conviction that is "not [itself] sufficient to render an individual 'in custody' for purpose of a habeas attack upon it."

Williamson, 164 F.3d at 1242 (quoting Maleng, 490 U.S. at 492 (emphasis supplied)).

Accordingly, the Court concludes that the registration requirement imposed at sentencing is merely a collateral consequence of Petitioner's convictions and does not impose such a significant restraint on Petitioner's freedom to satisfy the "in custody" requirement.  Henry, 164 F.3d at 1242.  See Williamson, 151 F.3d at 183-184; McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999)(Oregon registration requirement does not satisfy "in custody" requirement);  McNeely v. Lockyer, 2007 WL 3010771 *1 (Oct. 15, 2007 E.D. Cal.)(applying Williamson); Hutton v. Kern

---

[3]For a state prison inmate like Petitioner, the law specifies that prison authorities must notify the Department of Justice of the registrant's incarceration and the Department of Justice then has the responsibility to notify the agency with which the inmate last registered.  Cal. Pen. Code 290(f)(2).  It does not appear that, while incarcerated, Petitioner is required to do anything further regarding registration.

1  County Sheriff's Dept., 2007 WL 1176800 *2 (Apr. 20, 2007 E.D.Cal.)(applying Henry).

2  Accordingly, the Court lacks habeas jurisdiction and, therefore, the petition should be dismissed.

3  Henry, 164 F.3d at 1242.

4  **RECOMMENDATIONS**

5      For the foregoing reasons, the Court HEREBY RECOMMENDS that:

6      1.  Respondent's motion to dismiss (Doc. 31), be GRANTED; and

7      2.  The petition for writ of habeas corpus (Doc. 1) be dismissed.

8      These findings and recommendations are submitted to the United States District Judge

9  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

10 the Local Rules of Practice for the United States District Court, Eastern District of California.

11 Within twenty (20) days after being served with a copy, any party may file written objections

12 with the Court and serve a copy on all parties.  Such a document should be captioned "Objections

13 to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

14 and filed within ten (10) court days (plus three days if served by mail) after service of the

15 objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to

16 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

17 specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951

18 F.2d 1153 (9th Cir. 1991).

19

20 IT IS SO ORDERED.

21 Dated:  **January 9, 2009**                                   **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28